Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| EDGARDO G. DI CRISTINA ACEVEDO<br><br>Demandante-Apelante<br><br>Vs.<br><br>SUPERINTENDENTE EDWIN GONZÁLEZ RAMOS<br><br>Demandado-Apelado | KLAN202500177 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm. AR2024CV01852<br><br>Sala: 403<br><br>Sobre: DAÑOS Y OTROS |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de marzo de 2025.

Comparece el señor Edgardo Di Cristina Acevedo (apelante) y solicita la revocación de la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo. En la sentencia apelada, el tribunal *a quo* decretó el archivo de la causa de acción incoada por el apelante; el señor Jesús Cabrera Figueroa, y el señor José A. Feliciano Estrella (co-demandantes), sin perjuicio, al amparo de las disposiciones de la Regla 4.3(c) de Procedimiento Civil.[1]

Por los fundamentos expuestos en esta Sentencia se *desestima* el recurso, por falta de jurisdicción.

**-I-**

El caso de autos inició, el 23 de septiembre de 2024, cuando el señor Edgardo G. Di Cristina Acevedo, el señor Jesús Cabrera Figueroa y el señor José A. Feliciano Estrella, **miembros de la población correccional y todos por derecho propio**, presentaron una acción civil la cual titularon "Mandamus".[2] Dicha acción fue

---

[1] Apéndice del recurso, Anejo 1. 32 LPRA Ap. V, R. 4.3 (c).
[2] Apéndice del recurso, Anejo 3. Véase el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada 1.

presentada contra el Estado Libre Asociado de Puerto Rico, el Departamento de Corrección y Rehabilitación, el señor Edwin González Ramos, superintendente de la institución correccional en Sabana Hoyos 216 y el teniente, señor Neftalí Rodríguez, en su carácter oficial y representativo.[3]

En igual fecha a la presentación de la demanda, el apelante solicitó litigar como indigente,[4] la solicitud fue concedida mediante *Orden*, notificada el 24 de septiembre de 2024.[5]

Posteriormente, el 7 de noviembre de 2024, el apelante presentó una Moción Informativa.[6] Esbozó haber notificado el pliego al Departamento de Corrección y Rehabilitación en la oficina de asuntos legales. Además, adjuntó a su escrito dos proyectos de emplazamiento para su expedición.[7]

Recibida la antedicha solicitud, el tribunal apelado emitió dos órdenes las cuales notificó al apelante, **no así** a los codemandantes, el señor Jesús Cabrera Figueroa y el señor José A. Feliciano Estrella. En la primera, ordenó a la parte demandante a presentar la demanda nuevamente, expresando que la primera página no era legible y que enmendara la misma para que cumpliera con ciertas reglas de procedimiento civil.[8] En la segunda, ordenó a la parte demandante a que, sujeto al cumplimiento de la primera orden, presentara nuevos emplazamientos, conforme al formulario OAT-1721, para lo cual concedió diez días.[9]

Conforme se desprende de los autos, el próximo incidente procesal ocurrió el 24 de enero de 2025, el tribunal apelado emitió

---

[3] Apéndice del recurso, Anejo 3.
[4] SUMAC, Entrada 2. De los autos ante nuestra consideración, ni del SUMAC, se desprende que alguno otro de los codemandantes hubiese presentado solicitud similar.
[5] Apéndice del recurso, Anejo 4.
[6] *Íd.*, Anejo 6. SUMAC, Entrada 4.
[7] *Íd.*, Anejos 7 y 8. Los proyectos de emplazamiento estaban dirigidos a los codemandados Edwin González Ramos y a Neftalí Rodríguez Montalvo. Un examen de los autos revela que los antedichos emplazamientos nunca fueron expedidos por la Secretaría del Tribunal de Primera Instancia.
[8] Apéndice del recurso, Anejo 9.
[9] *Íd.*, Anejo 10.

la Sentencia que nos ocupa.[10] **La Sentencia fue notificada el 29 de enero de 2025, al apelante, <u>no así</u> a los codemandados señor Jesús Cabrera Figueroa y el señor José A. Feliciano Estrella**.[11] Mediante la Sentencia objeto de revisión el tribunal apelado decretó el archivo de la causa de acción incoada por el apelante, el señor Jesús Cabrera Figueroa y el señor José A. Feliciano Estrella, sin perjuicio, al amparo de las disposiciones de la Regla 4.3(c) de Procedimiento Civil.[12]

De ahí, el 25 de febrero de 2025, el apelante presentó un recurso apelativo al cual intituló *Certiorari*. No obstante, el recurso fue correctamente acogido por la Secretaria del Tribunal de Apelaciones como una apelación por solicitarse la revisión de una sentencia final.

Resolvemos sin trámite ulterior conforme a la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).

### -II-

### -A-

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[13] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela.[14] Es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[15] Igualmente, nuestro Tribunal Supremo ha sido constante en

---

[10] Apéndice del recurso, Anejo 1.
[11] *Íd.*, Anejo 2.
[12] *Íd*, Anejo 1; 32 LPRA Ap. V, R. 4.3 (c).
[13] *R&B Power, Inc. v. Junta de Subasta ASG,* 213 DPR 685, 698 (2024); *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384, 394 (2022). Véanse: *Pueblo v. Torres Medina,* 211 DPR 950 (2023); *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022).
[14] *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016).
[15] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[16] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[17] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[18] De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse.[19] Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por tanto, inexistente.[20]

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico ha desarrollado el principio de la justiciabilidad, el cual recoge una serie de doctrinas de autolimitación basadas en consideraciones jurisprudenciales que prohíben al foro judicial emitir opiniones consultivas.[21] Además, el aludido principio persigue evitar emitir decisiones en casos en los cuales realmente no existe una controversia. o dictar una sentencia que no tendrá efectos prácticos sobre un asunto.[22] En ese contexto, un caso no es justiciable cuando: (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un pleito; (iii) después de comenzado el litigio hechos posteriores lo tornan en académico; (iv) las partes pretenden obtener una opinión consultiva; y, (v) cuando se pretende promover un pleito que no está maduro.[23]

---

[16] *R&B Power, Inc. v. Junta de Subasta ASG, supra,* pág. 698.

[17] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).

[18] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG, supra,* pág. 698; *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).

[19] *Bco. Santander v. Correa García,* 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007).

[20] *Montañez v. Policía de P.R.,* 150 DPR 917, 921-922 (2000).

[21] El principio de justiciabilidad fue incorporado jurisprudencialmente a nuestro ordenamiento jurídico mediante el caso *ELA v. Aguayo,* 80 DPR 552, 595 (1958); Véase, además, R. Elfrén Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Ed. Pubs. JTS, 1987, pág. 147.

[22] *Moreno v. Pres. U.P.R. I,* 178 DPR 969, 973 (2010).

[23] *Crespo v. Cintrón,* 159 DPR 290, 298 (2003).

En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y concreta.[24] Como ha pronunciado reiteradamente el Tribunal Supremo, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[25] Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[26]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[27] confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

*-B-*

La Sección 7 del Artículo II de la Constitución de Puerto Rico,[28] al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos,[29] garantizan que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley. Esta garantía procesal funciona de dos vertientes, la sustantiva y la procesal. En lo referente a esta última, se ha entendido que "el debido proceso de ley procesal le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo".[30] Para garantizar las exigencias mínimas del debido proceso de ley todo procedimiento adversativo debe satisfacer lo siguiente: **1) notificación adecuada del proceso**; 2) proceso ante

---

[24] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001).
[25] *Juliá et al. v. Epifanio Vidal, S.E.*, *supra*, pág. 365.
[26] *Torres Alvarado v. Madera Atiles, supra*, pág. 501; *Juliá et al. v. Epifanio Vidal, S.E., supra*, pág. 366.
[27] 4 LPRA Ap. XXII-B, R. 83 (C).
[28] CONST. PR art. II, sec. 7.
[29] CONST. EE. UU. Emda. V y XIV.
[30] *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* 133 DPR 881, 887 (1993); *López Vives v. Policía de P.R.*, 118 DPR 219 (1987).

un juez imparcial; 3) oportunidad de ser oído; 4) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; 5) asistencia de abogado; y 6) que la decisión se base en la evidencia presentada y admitida en el juicio.[31] A esos efectos, la característica medular de la garantía del debido proceso de ley es que el procedimiento seguido sea uno justo.[32]

La notificación adecuada es aquella que se dirige específicamente a la parte o a su representación legal.[33] Sobre este particular, nuestra jurisprudencia ha establecido que "[l]a incorrecta notificación de los dictámenes emitidos por los tribunales atenta contra los derechos de las partes al privarles de cuestionar el dictamen emitido y causarles demoras e impedimentos en el proceso judicial".[34] Por ello, al no notificarse adecuadamente alguna resolución, orden o sentencia, estas no surten efecto y los términos no comienzan a transcurrir.[35] Nuestro Tribunal Supremo dejó claro que, la notificación defectuosa priva de jurisdicción al foro revisor. De manera que el recurso que se presente ante un foro de mayor jerarquía será prematuro.[36]

### -III-

Como se sabe, antes disponer sobre un recurso apelativo tenemos la responsabilidad indelegable de examinar, en primera instancia, nuestra propia jurisdicción, así como la del foro de donde procede el recurso ante nuestra consideración.[37] Esto, ya que lo relacionado a la jurisdicción incide directamente sobre el poder que tenemos para adjudicar las controversias.[38] Por consiguiente, cuando este foro carece de jurisdicción, no puede hacer más que

---

[31] *Hernández v. Secretario*, 164 DPR 390 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, *supra*, pág. 889.
[32] *Rivera Santiago v. Srio. de Hacienda*,119 DPR 265, 274 (1987).
[33] *R & G Mortgage v. Arroyo Torres y otros*, 180 DPR 511, 525 (2010).
[34] *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250-251 (2016).
[35] *Bco. Popular v. Andino Solís,* 192 DPR 172, 183 (2015).
[36] *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 538 (2019).
[37] *Torres Alvarado v. Madera Atiles, supra*, pág. 500.
[38] *Torres Alvarado v. Madera Atiles, supra,* pág. 500; *Fuentes Bonilla v. ELA et al., supra,* pág. 372 (2018).

desestimar el recurso, sin entrar en sus méritos.[39] Revisado con detenimiento los autos del caso, este Panel coincide en nuestra falta de jurisdicción para atender el recurso.

Al revisar el expediente, nos percatamos que la acción del título fue presentada por: (1) el apelante, (2) el señor Jesús Cabrera Figueroa, y (3) el señor José A. Feliciano Estrella. Sin embargo, todas las órdenes emitidas por el tribunal, posterior a la presentación de la demanda, fueron notificadas, únicamente, al apelante. Dicho de otra forma, el tribunal de instancia pretirió notificarle de los trámites procesales al señor Jesús Cabrera Figueroa y al señor José A. Feliciano Estrella. Peor aún, la sentencia objeto de revisión en este recurso, tampoco fue notificada a los aludidos co-demandantes. Siendo, así las cosas, el recurso apelativo incoado por el apelante es prematuro.

Es norma bien establecida que "la sentencia no surtirá efecto hasta archivarse en autos copia de su notificación a todas las partes".[40] Por eso, según indicamos previamente, la notificación defectuosa priva de jurisdicción al foro revisor, y el recurso que se presente ante este será prematuro.[41] Ello, pues la incorrecta notificación atenta contra la garantía de las partes al debido proceso de ley.[42]

En cuanto al debido proceso de ley, se hace necesario subrayar, en este caso, que la pérdida de la libertad física es uno de los escenarios más vulnerables en nuestra sociedad. En consideración a lo anterior, la litigación por derecho propio de los confinados en las cárceles exige a los Tribunales un cuidado especial, particularmente en lo relacionado a la jurisdicción.[43]

---

[39] 4 LPRA Ap. XXII-B, R. 83.
[40] Regla 46 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 46.
[41] *PR Eco Park et al. v. Mun. de Yauco*, supra, pág. 538.
[42] *Berríos Fernández v. Vázquez Botet*, supra, pág. 250-251.
[43] L.F. Estrella Martínez, *Acceso a la Justicia: Derecho Humano Fundamental*, San Juan, PR, Ed. Situm, Inc., 2017, pág. 353 (2017).

Por todo lo antes expuesto, nos vemos forzados a desestimar este recurso, por haberse notificado la sentencia objeto de revisión, así como las órdenes anteriores a la misma, de manera defectuosa y privando a las partes demandantes del debido proceso de ley.

Lo anterior en nada limita que una vez el tribunal apelado emita la notificación de forma adecuada, pueda instarse nuevamente la solicitud que los demandados estimen necesaria.

### -*IV*-

Por los fundamentos expresados, *se desestima* el recurso instado. *Instruimos* al Departamento de Corrección y Rehabilitación a entregar copia de esta sentencia al confinado apelante, y a los confinados Jesús Cabrera Figueroa y José A. Feliciano Estrella, en cualquier institución en donde se encuentren.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones